**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00390-CR**
_____

**JEREMY C. MACDONALD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-03-03529-CR**

**ORDER**

The clerk's record in the above styled and numbered cause was filed January 28, 2022, and the reporter's record was filed January 26, 2022. The appellant, Jeremy C. MacDonald, represented himself at trial with the assistance of Jarrod Walker, as appointed stand-by counsel. On May 4, 2022, the Court granted a third extension of time to file the appellant's brief, noting that the extension was a "final extension." On May 31, 2022, the appellant requested an additional extension. On June 1, 2022, we notified the appellant that the motion for a fourth extension had been denied and

1

that the brief must be filed by June 7, 2022. Notwithstanding this Court's previous notices that the brief was late, and the notice that the Court would not grant additional extensions, the appellant's court appointed stand-by counsel requested additional time to prepare a brief because of health reasons.

We abate the appeal and remand the case to the trial court to conduct a hearing at which a representative of the State, stand-by counsel Jarrod Walker, and the appellant shall be present in person. *See* Tex. R. App. P. 38.8(b)(3). If the appellant is not incarcerated but fails to appear at the hearing after having been notified to do so, or after reasonable attempts to notify him have been made, then the trial court may enter a finding that the appellant no longer desires to pursue the appeal and send said finding to this Court. *See* Tex. R. App. P. 38.8(b)(4). If the appellant appears at the hearing, we direct the trial court to determine whether the appellant desires to pursue his appeal, and if he does, we direct the trial court to determine why the brief of the appellant has not been filed, whether the appellant is represented by appointed, retained, volunteer, or stand-by counsel, and determine why the appellant has not adequately responded to late notices from this Court, and whether good cause exists for stand-by counsel Jarrod Walker to be relieved of his duties and replaced by substitute stand-by counsel. If the appellant desires to continue with his appeal and represent himself on appeal, we direct the trial court to admonish appellant as to the dangers of self-representation on appeal and determine whether appellant's apparent

2

decision to relinquish the benefits associated with counsel and to proceed *pro se* is knowingly and intelligently made.

The record of the hearing, including any orders and findings of the trial court judge, shall be sent to the appellate court for filing. The supplemental reporter's record of the hearing and the supplemental clerk's record containing any orders and recommendations of the trial court judge are to be filed on or before July 27, 2022.

ORDER ENTERED June 27, 2022.

PER CURIAM

Before Golemon, C.J., Kreger and Johnson, JJ.